

**KAUFMAN BORGEEST & RYAN LLP**

April 16, 2013

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

CARA A. O'SULLIVAN
DIRECT: 646.367.6718
COSULLIVAN@KBRLAW.COM

<u>VIA ECF</u>
The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  John Puglisi, Jr. v. Town of Hempstead Sanitary District No. 2, et al.
     Docket No.    :    11-CV-0445

Dear Judge Bianco:

This firm represents the Defendants in the above-referenced action. We write this letter concerning the Plaintiff's recent identification of an expert witness. This was made one (1) year **after** the close of discovery and less that one month prior to the submission of a Joint Pre-trial Order which is due on April 22, 2013. As the parties are currently preparing their Pre-Trial Order we bring this matter to the Court's attention and request that any expert testimony or evidence on behalf of Plaintiff be excluded from the Joint Pre-Trial Order pursuant to FRCP 37(c)(1).

Pursuant to Your Honor's Order dated February 10, 2012, "All discovery, including production of expert reports, if any, are to be completed by April 2, 2012." Plaintiff disclosed Dr. Peter Jay Stein, M.D., M.A. as an expert witness on April 1, 2013 in a document entitled "Plaintiff's Amended Initial Disclosures," providing:

> Dr. Stein is Plaintiff's physician, and can be reached at 233 Hempstead Avenue, Rockville Center, New York 11570, (516) 436-2292. Dr. Stein is plaintiff's treating psychiatrist pursuant to Fed. R. Civ. Pro. 26(a)(2)(C), and may be called upon to render opinions about treatment, diagnosis, prognosis, causation and permanency within a reasonable degree to medical certainty. Copies of his records and reports have been fully disclosed, and will provide evidence admissible under Fed. R. Evid. 702, 703 or 705.[1]

---

[1] Plaintiff did identify Dr. Stein as a fact witness in his Initial Disclosures; however, he was not designated as an expert until April 1, 2013. The duty to disclose a witness as an expert is not excused when a witness who will testify as to facts and as an expert is disclosed as a fact witness. *See Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012) (discussing the importance of identifying witnesses as experts in order for the non-producing party to adequately prepare). Clearly Plaintiff was aware of Dr. Stein's identity, but sought to delay the designation until after the close of discovery.

NEW YORK CITY    WESTCHESTER    LONG ISLAND    NEW JERSEY    LOS ANGELES

2182232

John Puglisi, Jr. v. Town of Hempstead Sanitary District No. 2, et al.
Docket No.: 11-CV-0445
Page **2** of **2**

Plaintiff provided this to Defendants one (1) year *after* the deadline to do so and a mere 21 days prior to the deadline for the parties to file their Pre-trial Order. In addition, Plaintiff has failed to provide the required "summary of the facts and opinions to which the witness is expected to testify" as required under Fed. R. Civ. Pro. 26(a)(2)(C)(ii). Nor do Defendants have a complete copy of Dr. Stein's records and reports as indicated by Plaintiff. Plaintiff's disclosure of this information a year after the close of discovery provides Defendants with no time and no facts and opinions (as required by Rule 26(a)(2)(C)) to analyze, investigate and prepare a defense concerning this information and to be able to include such information in the Joint Pre-Trial Order. Defendants are prejudiced by this late disclosure and it must be excluded.

Plaintiff has had ample opportunity to provide expert information, prior to the close of discovery. Plaintiff provided his initial disclosure on or about June 24, 2011 and did not identify an expert. Thereafter, Plaintiff responded to Defendants' interrogatories on or about September 20, 2011 stating that "Plaintiff has not at this time identified an expert to testify at the trial of this matter."

Not only are Defendants prejudiced by Plaintiff's untimely identification of Dr. Stein as an expert, but Plaintiff fails to provide a "summary of the facts and opinions to which the witness is expected to testify" as required under FRCP 26(a)(2)(C)(ii). Plaintiff makes a reference that the "records and reports have been fully disclosed." This is false. Although Defendants are in possession of some records, they are not in possession of a complete copy of Dr. Stein records regarding Plaintiff. To the extent that Plaintiff avers that the treatment records of Dr. Stein satisfy the requirement in Rule 26(a)(2)(C)(ii), this has been rejected by many courts. *See Carillo v. B & J Andrews Enterprises, LLC*, 2013 WL 394207 (D. Nev.) (citing cases rejecting treatment records as satisfying Rule 26(a)(2)(C)(ii)). Treatment records do not provide a complete summary of the expected testimony and it should not be Defendants' burden to sift through treatment records to determine Dr. Stein's testimony.

Counsel for Defendants wrote to Plaintiff requesting that Plaintiff withdraw his designated expert and to advise Defendants of same by April 5, 2013 due to the untimely nature of the disclosure and the failure to follow Rule 26(a)(2)(C)(ii). As of today's date, Plaintiff has not responded to Defendants nor has Plaintiff showed any substantial justification for his delay in providing the expert identification.

Given Plaintiff's failure to properly identify an expert, Plaintiff should be precluded from producing any expert testimony and evidence pursuant to Rule 37(c)(1).

Your attention to this matter is appreciated.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN, LLP

Cara A. O'Sullivan

Cc :   Frederick Brewington, Esq. (via ECF)