UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOHN PUGLISI, JR.,

                Plaintiff,

                                          **MEMORANDUM & ORDER**
                v.                                      11-CV-0445 (PKC)

TOWN OF HEMPSTEAD SANITARY
DISTRICT NUMBER 2, ROBERT NOBLE,
MICHAEL McDERMOTT, DONALD ZINN,
FRANK ESPOSITTO, and HAROLD VERITY,

                Defendants.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Before the Court is Defendants' motion to reconsider Judge Joseph Bianco's order of January 8, 2013, denying Defendants' motion for summary judgment. (Dkts. 28, 30.)[1] Judge Bianco denied the motion in its entirety except for Plaintiff's claim under New York State Labor Law Section 215, which Judge Bianco dismissed.

      The Court granted Defendants' reconsideration request on the basis of the intervening change in the controlling law of retaliation claims under Title VII, as recently set forth by the United States Supreme Court in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (June 24, 2013). Accordingly, the Court only reconsiders Judge Bianco's order to the extent that *Nassar* impacts Plaintiff's retaliation claim under Title VII and New York

---

[1] This matter previously was assigned to Judge Bianco prior to its transfer to this Court on May 9, 2013.

Executive Law § 296, which are analyzed under the same standard.[2] *Pacheco v. N.Y. Presbyterian Hosp.*, 593 F. Supp. 2d 599 n.17 (S.D.N.Y. 2009) (citing *Middleton*, 545 F. Supp. 2d 369, 373 (S.D.N.Y. 2008) ("The analysis of a retaliation claim under [the New York State Human Rights Law] . . . is identical to that under Title VII"); *cf. Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 105–06 n.6 (2d Cir. 2010) ("The law governing [Age Discrimination Employment Act] claims has been held to be identical to that governing claims made under the [New York Human Rights Law].") The Court does not herein reconsider plaintiff's First Amendment claim.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts, which have been set forth in the parties' pleadings and submissions in connection with the motion for summary judgment, and which were summarized in relevant part by Judge Bianco in his January 8 order. (Dkts. 1, 5, 18, 20, 23–25, 30.) Additionally, the basis of the present motion for reconsideration is an intervening change in law, and neither party disputes any of Judge Bianco's factual findings nor sets forth any basis to reconsider them. The Court, therefore, accepts the factual findings of Judge Bianco's January 8 order. *See* Local Rule 6.3; Dkt. 30.

Briefly, Plaintiff is a white male who has been employed by Defendant Town of Hempstead Sanitation District Number 2 ("District") as a sanitation worker since approximately 1995. (Dkt. 18-1 ¶ 8; Dkt. 20-1 ¶ 1.) Plaintiff's father, John Puglisi, Sr., also is employed at the District, as a supervisor. (Dkt. 20-1 ¶ 6.) In 2007, a "hangman's noose" was discovered in one of the District's garages, in a place where employees gather in the morning at the beginning of

---

[2] The parties dispute whether the newly announced *Nassar* standard applies to state law claims. (*See* Dkt. 57 at 5–6; Dkt. 3–4.) The Court need not resolve that question at this time, however, because the Court finds that Plaintiff's federal and state law claims survive summary judgment even were the Court to apply the *Nassar* but-for standard to all of them.

the work day. (Dkt. 18-1 ¶ 15.) District employees alerted the District regarding the noose, and the District initiated an investigation. As a result of the incident, several District employees filed employment discrimination complaints with the New York State Division of Human Rights ("DHR"). (Dkt. 18-1 ¶ 19.) As part of its investigation, DHR interviewed Plaintiff's father, who participated in the investigation and told investigators that he believed the District had discriminated against one of the complainants in connection with the filing of a complaint with the DHR. (Dkt. 18-1 ¶¶ 25–29.) Plaintiff avers that, since his father's participation in the investigation, Plaintiff has been retaliated against for his father's statements concerning the District's alleged discrimination. (Dkt. 18-1 ¶¶ 30-144.)

Plaintiff initiated this action on January 28, 2011, alleging employment discrimination and retaliation under Title VII, civil rights violations under 42 U.S.C. § 1983 and the First and Fourteenth Amendments, conspiracy, and various state law claims. (Dkt. 1.) The District and individual defendants moved for summary judgment on June 15, 2012. (Dkt. 18.) On January 8, 2013, Judge Bianco issued his decision in a teleconference with the parties, granting in part and denying in part Defendants' motion. (Dkts. 28, 30.)

*DISCUSSION*

I.  Motion to Reconsider

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478 at 790 (1981)). Although the standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied," *Herschaft v. N.Y. City*

3

*Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001), the Court finds good cause to reconsider Judge Bianco's order denying Defendants' motion for summary judgment given the Supreme Court's subsequent decision in *Nassar*. Defendants adequately have set forth a sufficient basis for reconsideration, *i.e.*, an intervening change in controlling law. Although Plaintiff half-heartedly maintains that *Nassar* should not apply because it was decided several months after Judge Bianco's order on summary judgment, Plaintiff sets forth no legal basis for why *Nassar* is not legally controlling as to Plaintiff's retaliation claim. The Court, therefore, applies *Nassar* upon reconsideration of Defendants' summary judgment motion. (Dkt. 57 at 3–5.)

II.  Summary Judgment Standard

The standard for summary judgment in the Second Circuit is well-established. Summary judgment may be granted only if the submissions of the parties taken together "show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252 (1986). "The moving party bears the burden of establishing the absence of any genuine issue of material fact," *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010); *see Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006), after which the burden shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011); *see also F.D.I.C. v. Great American Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009) (internal quotations and citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original); *see also Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56–57 (2d Cir. 2012); *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005). The nonmoving party cannot avoid summary judgment simply by relying "on conclusory allegations or unsubstantiated speculation," *Jeffreys*, 426 F.3d at 554 (quotations and citations omitted); *see also DeFabio v. East Hampton Union Free Sch. Dist.*, 623 F.3d 71, 81 (2d Cir. 2010); and must offer "some hard evidence showing that its version of the events is not wholly fanciful." *Miner v. Clinton Cnty., New York*, 541 F.3d 464, 471 (2d Cir. 2008). In determining whether a genuine issue of fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

The Second Circuit has provided additional guidance with respect to motions for summary judgment in employment discrimination cases:

> We have sometimes noted that an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions. *See, e.g.*, *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994). Nonetheless, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact," *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997), and "may be appropriate even in the fact-intensive

5

context of discrimination cases." *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

*Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 603 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001)). "However, even in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

III. <u>Title VII Claims</u>

Title VII retaliation claims are analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973); *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) ("The burden-shifting framework laid out in *McDonnell Douglas* . . . governs retaliation claims under both Title VII and the NYSHRL."). Under the test, a plaintiff first must establish a prima facie case of retaliation. If the plaintiff succeeds, a presumption of discrimination is established and the burden of production shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action that the plaintiff claims was retaliatory. *See, e.g.*, *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (citations omitted). Where the defendant articulates such a reason, the presumption dissipates, and the burden shifts back to the plaintiff, who must demonstrate that the defendant's purported reason is a pretext, and that the employer's retaliatory intent was the "but-for" cause of the adverse employment action. *Nassar*, 133 S. Ct. at 2534. In other words, the plaintiff must show that "the unlawful retaliation would not have occurred in the

6

absence of the alleged wrongful action or actions of the employer." *Id*. at 2532; *see also Brooks v. D.C. 9 Painters Union*, 10-CV-7800, 2013 WL 3328044, at * 4 (S.D.N.Y. July 2, 2103) (once defendant articulates a legitimate, non-retaliatory reason for the adverse employment action, "plaintiff must offer 'proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'") (quoting *Nassar*, 133 S. Ct. at 2532).[3]

IV. Judge Bianco's Opinion

In a January 8, 2013 teleconference, Judge Bianco set forth his bases for denying Defendants' motion for summary judgment with respect to Plaintiff's retaliation claims. (Dkt. 30.)

    a. Adverse Employment Action

First, Judge Bianco rejected Defendants' argument that the course of conduct experienced by Plaintiff did not constitute an adverse employment action or actions. (Dkt. 30 at 4–8.) Judge Bianco listed numerous examples of alleged mistreatment and work assignments which he found could permit a rational jury to find that they constituted an adverse employment action, including, among others: assignments requiring Plaintiff to collect large amounts of debris from various locations in excess of the limits set forth by ordinance; assignments requiring him to collect chemicals; non-payment of his medical bills; denial of a personal day to take his pregnant wife for a doctor's visit; and the receipt of an unsigned paycheck. (Dkt. 30 at 5–6.) In finding that this pattern could amount to an adverse employment action, Judge Bianco cited Second Circuit authority stating that "[c]ontext matters[,] as some actions may take on more or less significance depending on the context and alleged acts of retaliation must be evaluated both

---

[3] Prior to *Nassar*, a plaintiff only had to establish that retaliation was "*a* motivating factor" for the adverse employment action. *See Nassar*, 133 S. Ct. at 2526–27 (emphasis added).

7

separately and in the aggregate, as even trivial acts may take on greater significant when they are viewed as part of a larger course of conduct." (Dkt. 30 at 7) (citing *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 689 (2d Cir. 2012) (internal citations and quotations omitted)).

### b. Causal Connection

Judge Bianco next addressed Defendants' contentions that summary judgment was warranted because there was insufficient proof of a causal connection between Plaintiff's father's participation in the discrimination investigation and any adverse employment action. (Dkt. 30 at 8–10.) Judge Bianco found that there was adequate temporal proximity between Plaintiff's father's advocacy and the alleged adverse employment actions, especially given the pattern of alleged adverse employment actions over a substantial time period. (Dkt. 30 at 9.) He also found that Plaintiff's testimony that, in over a decade of employment, he had never been given the types of assignments he began receiving after his father's statements to the DHR supported an inference of retaliation. (Dkt. 30 at 9–10.)

### c. Knowledge

Judge Bianco also addressed Defendants' contention that Plaintiff's supervisors had no knowledge of the protected activity in which Plaintiff's father engaged and, therefore, that there could be no connection between his Plaintiff's father's advocacy and any adverse action. (Dkt. 30 at 10.) Judge Bianco found that there was sufficient evidence to create a genuine issue of fact as to the supervisors' knowledge of Puglisi Sr.'s participation in the discrimination investigation. (Dkt. 30 at 11.) Judge Bianco also found that an employer's or supervisor's knowledge, and therefore retaliation, "can be established through the decision maker's influence of lower-level

supervisors," which ultimately could moot the issue of whether Plaintiff's direct supervisors had knowledge of his father's protected activities. *Id.*

V. Analysis

That leaves the Court to decide whether those facts addressed by Judge Bianco and set forth by the parties in the motion for summary judgment briefing, viewed in the light most favorable to Plaintiff, would permit a finder of fact to conclude that Plaintiff's protected activities were a "but-for" cause of the adverse employment actions he suffered. The Court concludes that they do.

As Judge Bianco implicitly found, Plaintiff met his "de minimis" burden and successfully established a prima facie case of retaliation, which gave rise to a rebuttable presumption of retaliation. (*See* Dkt. 30.) Judge Bianco then found that Defendant had adequately articulated legitimate, non-retaliatory reasons for the allegedly adverse employment actions suffered by Plaintiff. (Dkt. 30 at 11–12). Namely, Defendants asserted that the actions were not adverse employment actions because they were within the responsibilities of a sanitation worker and that his complaints were investigated. (Dkt. 30 at 11.) Judge Bianco then addressed Plaintiff's evidence and Defendants' purported non-retaliatory reasons under the "pretext" prong of *McDonnell Douglas*, and concluded that "there is sufficient evidence based upon the temporal proximity, the evidence of being singled out with respect to many of these assignments, that there's an issue of fact as to whether those reasons are a pretext for retaliation. So for those reasons, the retaliation claim survives the motion for summary judgment." (Dkt. 30 at 11–12.) The Court agrees with those findings. However, Judge Bianco, deciding the matter prior to the Supreme Court's *Nassar* decision, necessarily analyzed the motion under the then-controlling "motivating factor" standard, *see Summa*, 708 F.3d at 129, which was implicitly overruled by

9

*Nassar*. It is this phase of the analysis wherein the Court reconsiders Judge Bianco's conclusions in accordance with *Nassar*.

   a. Application

The Supreme Court in *Nassar* held that Title VII retaliation claims must be proven according to traditional "but-for" causation principles, not the more relaxed "motivating factor" standard that was applied in the Second Circuit prior to *Nassar*. *See Nassar*, 133 S. Ct. at 2525–26, 2534. Here, in order to prove but-for causation, Plaintiff would have to prove at trial that the adverse employment actions suffered would not have occurred in the absence of a retaliatory motive. *Id.* at 2532.

Based on the evidence in the record, a reasonable jury could conclude that Defendants' stated reasons for the adverse employment actions taken against Plaintiff were pretextual and that these actions were motivated solely by Defendants' intent to retaliate against Plaintiff for his father's advocacy and participation in the DHR discrimination investigation.

As a general matter, mere temporal proximity of the alleged adverse employment action to the triggering event is insufficient, on its own, to raise a triable issue of fact to withstand summary judgment. *See*, *e.g.*, *Govori v. Goat Fifty, L.L.C.*, 519 Fed. App'x 732, 734 (2d Cir. Mar. 26, 2013) (summary order) ("[W]hile temporal proximity between events may give rise to a prima facie case of discrimination, 'such temporal proximity is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext.'") (quoting *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010)); *El Sayed*, 627 F.3d at 933 ("a plaintiff must come forward with some evidence of pretext in order to raise a triable issue of fact."); *El Sayed*, 627 F.3d at 933 ("In this case, Appellant produced no evidence other than temporal proximity in support of his charge that the proffered reason for his discharge was pretextual."); *Ben-Levy v. Bloomberg,*

*L.P.*, 518 Fed. App'x 17, 28 (2d Cir. May 1, 2013) (summary order) ("While Ben-Levy demonstrates that his February 2010 internal complaint of discrimination and retaliation was followed by his removal as project manager on an important project by just two days, this temporal proximity—while enough to support a prima facie case—is insufficient to establish pretext.").

Here, however, Plaintiff has presented more than mere temporal proximity; he has also offered evidence demonstrating disparate treatment. Defendants argue, however, that even this combination of temporal proximity and disparate treatment is insufficient for a jury to find "but-for" causation for the alleged retaliation. The Court disagrees.

In addition to the undisputed temporal nexus between Plaintiff's father's participation in the investigation and the beginning of the allegedly adverse employment actions against him (Dkt. 30 at 8–9), Plaintiff also has offered evidence demonstrating that he was subjected to a series of employment actions that were, at least, inconvenient and annoying, and, at worst, potentially dangerous. Plaintiff also has offered evidence that he had not previously been subjected to these actions prior to his father's participation in the investigation. Even though Defendants argue that these actions cannot constitute adverse employment actions because they were part of his job, the Court agrees with Judge Bianco's finding that "if [plaintiff is] able to prove that this increased work load or these assignments were specifically targeted at him . . . in retaliation for the complaints of discrimination, then the fact that it is his job does not mean that it cannot qualify as retaliation. If his work load was increased unfairly or disproportionately to the other workers, that could certainly qualify as an adverse action under the standard." (Dkt. 30 at 8.) Furthermore, the extensiveness of the pattern of adverse actions also gives support to a finding of but-for retaliation. (*See* Dkt. 30 at 9) ("some of the acts were in close proximity and

11

there was a pattern of alleged acts over time"). This pattern goes beyond the single incidents alleged by the plaintiffs in the cases *supra* at 10–11, in which but-for causation was not found. *See Govori*, 519 Fed. App'x at 734; *El Sayed*, 627 F.3d at 933; *Ben-Levy*, 518 Fed. App'x at 28.

In sum, Defendants have failed to establish that there is no genuine issue of fact as to whether retaliatory animus was the but-for cause of the alleged adverse employment actions suffered by Plaintiff and that therefore they are entitled to summary judgment as a matter of law.

*CONCLUSION*

For the reasons set forth above, the Court finds that Plaintiff has raised a genuine issue of triable fact with respect to all elements of Plaintiff's claims and, more specifically, that a reasonable jury could conclude, required by *Nassar*, that Plaintiff's father's participation in the DHR's investigation was the but-for cause of any adverse employment actions taken against Plaintiff. Therefore, there is no basis to overturn Judge Bianco's January 8 order denying Defendants' motion for summary judgment. Accordingly, Defendants' motion to reconsider is denied.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 15, 2013
Brooklyn, New York